1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAY STEVENS,

11              Plaintiff,              No. CIV S-07-2591 JAM DAD P

12        vs.

13   MARLENE MARTINEZ, et al.,         ORDER AND

14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20              The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25   U.S.C. § 1915A(b)(1) & (2).

26   /////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

12 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

13 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

14 must contain factual allegations sufficient "to raise a right to relief above the speculative level."

15 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

16 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

17 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

18 plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

19 (1969).

20    The Civil Rights Act under which this action was filed provides as follows:

21        Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
22        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
23        law, suit in equity, or other proper proceeding for redress.

24 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1   (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3   omits to perform an act which he is legally required to do that causes the deprivation of which

4   complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

5            In the present case, plaintiff has named probation officer Marlene Martinez, public

6   defender Claudelle Miller, Solano County Superior Court Judge Eric Uldall and the Solano

7   County Superior Court as defendants.  In his complaint and memorandum of points and

8   authorities, plaintiff alleges that the named defendants violated his constitutional rights under the

9   Fourteenth Amendment Due Process Clause in connection with his probation revocation.  For

10  example, plaintiff claims that defendant Martinez never sent him a copy of the written notice of

11  probation revocation or afforded him any type of hearing.  Plaintiff also claims that the Superior

12  Court did not offer any reasons when it sentenced him to three years in state prison instead of

13  reinstating his probation or reinstating his probation with modified terms.  Finally, plaintiff

14  claims that his attorney, defendant Miller, failed to object when the court pronounced judgment

15  without first providing him with a probation hearing.

16           Plaintiff is advised that he may not bring a claim pursuant to 42 U.S.C. § 1983

17  arising out of alleged unconstitutional activities that resulted in his probation revocation unless

18  the revocation has been set aside.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Baskett v.</u>

19  <u>Papini</u>, 245 Fed. Appx. 677, 2007 WL 2457479 at *1 (9th Cir. 2007) (district court properly

20  dismissed plaintiff's § 1983 action because his allegations called into question the validity of his

21  probation revocation).[1]  The United States Supreme Court has held that a prisoner may not

22  recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other

23  harm caused by actions whose unlawfulness would render the imprisonment invalid, unless he

24  can prove that the conviction or other basis for confinement has been reversed on direct appeal,

25  _____

26           [1] Citation to this unpublished decision is appropriate under Ninth Circuit Rule 36-3(b).

1   expunged by executive order, declared invalid by a state tribunal authorized to make such a

2   determination, or called into question by a federal court's issuance of a writ of habeas corpus.

3   Heck, 512 U.S. at 486-87.

4              Here, plaintiff's claims against the named defendants for their alleged actions that

5   resulted in his probation being revoked are barred by Heck v. Humphrey. A judgment in

6   plaintiff's favor would necessarily imply the invalidity of his probation revocation and sentence.[2]

7   Accordingly, the court will recommend that plaintiff's complaint be dismissed without

8   prejudice.[3]

9              Also pending before the court is plaintiff's motion for appointment of counsel. In

10  light of the court's recommendation that plaintiff's action be dismissed as Heck-barred, the court

11  will deny plaintiff's motion as moot.

12             Accordingly, IT IS HEREBY ORDERED that:

13             1. Plaintiff's December 18, 2007 application to proceed in forma pauperis (Doc.

14  No. 6) is denied; and

15             2. Plaintiff's August 8, 2008 motion for appointment of counsel (Doc. No. 11) is

16  denied;

17             IT IS HEREBY RECOMMENDED that:

18             1. This action be dismissed without prejudice; and

19             2. This action be closed.

20  ────────────────

21  [2] Moreover, Judge Uldall is absolutely immune from suits under 42 U.S.C. § 1983 for judicial acts, including revoking plaintiff's probation. Simmons v. Sacramento County Superior

22  Court, 318 F.3d 1156, 1161 (9th Cir. 2003). In addition, plaintiff's appointed public defender is not a "state actor" within the meaning of § 1983. Miranda v. Clark County, 319 F.3d 465, 468

23  (9th Cir. 2003) (en banc).

24  [3] Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th

25  Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475,

26  484 (1973). If plaintiff is seeking to overturn his probation revocation, a writ of habeas corpus is his sole remedy.

4

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3 days after being served with these findings and recommendations, plaintiff may file written

4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

7 F.2d 1153 (9th Cir. 1991).

8 DATED: November 5, 2008.

9

10                                 Dale A. Drozd

11                                 DALE A. DROZD
                                   UNITED STATES MAGISTRATE JUDGE

12 DAD:9
   stev2591.56

13

14

15

16

17

18

19

20

21

22

23

24

25

26